UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MARIA A. JIMENEZ GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:21-CV-302-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| LAKSHMI NARAYAN HOSPITALITY GROUP, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* civil action filed by Plaintiff Maria A. Jimenez Gonzalez. Plaintiff filed an application to proceed without prepayment of fees, [R. 4]. Upon consideration, **IT IS HEREBY ORDERED** that the application, [R. 4], is **GRANTED.** The Court must now conduct a screening of this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a non-prisoner complaint form for a civil case, [R. 1]. On the form, she indicates that she resides in Louisville, Kentucky. *Id.* at 2. She names as defendants Lakshmi Narayan Hospitality Group and Norton Immediate Care Center of Middletown and states that they are both located in Louisville, Kentucky. *Id.*

Plaintiff alleges that she was in a work-related accident on June 6, 2014, and that she received medical attention from Norton Immediate Care Center on that date. *Id.* at 4. She states that Lakshmi Narayan Hospitality Group, which she indicates in an attachment was her employer at the time, violated her rights by filing a "fraudulent incident report" concerning her accident. *Id.*

at 5–6. She alleges that this fraudulent report "influenced" a physician at Norton Immediate Care Center to release her back to her normal work duties without any restrictions. *Id.* Plaintiff alleges that when she returned to work, she suffered from pain, but that her manager told her that if she did not continue working she would not have a job. *Id.* at 6. She claims that the physician at Norton Immediate Care Center violated her rights by "negligently" releasing her to return to work with no restrictions even though she had been diagnosed with a concussion. *Id.*

In the complaint, Plaintiff states that federal jurisdiction arises under 42 U.S.C. § 1983, and she also cites to "15 U.S.C. § 1681a(3)." In an "affidavit" attached to the complaint, Plaintiff asserts that Defendants violated her rights under "15 U.S. Code 1692d & e" and "15 U.S. Code 1692j & k." [R. 1-1]

## II.

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. 42 U.S.C. § 1983

On the complaint form, Plaintiff "checks the box" for a § 1983 claim against state or local officials. [R. 1, p. 3] As the form explains, that statute allows a plaintiff to sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws.]" *Id.* In response to the form's request that she identify the federal constitutional or statutory rights that she claims have been violated by state or local officials, Plaintiff responds, "Natural person, Natural rights." *Id.* She does not identify any constitutional provision to support her § 1983 claim. Further, to the extent Plaintiff relies on the federal statutes discussed below, she has failed to state a claim for relief under those statutes. Accordingly, to the extent Plaintiff seeks to assert a § 1983 claim, said claim must be dismissed.

#### B. The Fair Debt Practices Collection Act

Plaintiff claims that Defendants violated her rights under various provisions[1] of the Fair Debt Practices Collection Act ("FDCPA"), 15 U.S.C.S. §§ 1692 *et seq*. However, an FDCPA claim can only be brought against a debt collector, which is "anyone who 'regularly collects or attempts to collect . . . debts owed or due . . . another.'" *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) (quoting 15 U.S.C. § 1692a(6)). Plaintiff indicates that Defendant Lakshmi Narayan Hospitality Group was her employer and that Defendant Norton Immediate Care Center provided her medical care. Thus, because neither defendant appears to be a debt collector, and because the Court can in no way discern how Plaintiff's allegations are related to the FDCPA, the Court finds that she has failed to state a claim for relief under the FDCPA statutory provisions she cites.

C. The Fair Credit Reporting Act

Plaintiff also seems to cite to a provision of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. As explained in *LaBreck v. Mid-Mich. Credit Bureau*, No. 1:16-cv-1160, 2016 U.S. Dist. LEXIS 163381, at *3 (W.D. Mich. Nov. 28, 2016), the FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information. The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The Court cannot discern how this Act is applicable to Plaintiff's allegations.

---

[1] Two of the statutory provisions cited by Plaintiff provide that when collecting a debt, a debt collector may not "harass, oppress, or abuse any person," 15 U.S.C. § 1692d, or use any "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. Another provision cited by Plaintiff, 15 U.S.C. § 1692j, provides that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." Finally, 15 U.S.C. § 1692k creates civil liability against debt collectors who fail to comply with the FDCPA.

Moreover, the specific provision of the FCRA that Plaintiff cites to, 15 U.S.C. 1681a(3), does not exist. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### D. State-Law Claim

Finally, to the extent that Plaintiff asserts a state-law negligence claim against Defendant Norton Immediate Care Center, this Court lacks subject-matter jurisdiction over the state-law claim because there is not complete diversity of citizenship since Plaintiff and Defendants are all citizens of Kentucky. *See* 28 U.S.C. § 1332. Further, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claim. See 28 U.S.C. § 1367(c)(3). Thus, Plaintiff's state-law claim will be dismissed without prejudice.

### IV.

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed without prepayment of fees, [R. 4], but will dismiss this action by separate order.

Date: July 12, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
A958.011